## Falconer *versus* Smith.

1. In an action on a simple contract where the general issue is pleaded, the plaintiff is bound to prove his whole case, and the defendant is entitled, without special notice, to give evidence of anything which shows that, *ex equo et bono*, the plaintiff ought not to recover.

2. In an action on several promissory notes given for the purchase of ma- chinery for a woollen factory, it was competent to prove for the defendant that when the agreement was made the plaintiff warranted the machinery to be of a certain quality, and that the warranty had failed; and this although the warranty was made several months before the notes were given, it being all considered *as one transaction*.

3. The degree of polish of the machinery, unless it were a material sub- stantial defect and not a mere matter of fancy, would not alone entitle the defendant to a deduction from the amount of the notes, except the polish was contemplated by the parties at the time of the original contract, or when the notes forming a part of its consideration were subsequently given.

ERROR to the Common Pleas of *Warren county*.

This was an action of *assumpsit* brought by Benj. F. Smith against Patrick Falconer, to recover the amount due upon three promissory notes of $500 each, made by Falconer July 26, 1848, and payable to Smith or order. The notes were given for ma- chinery for a woollen factory purchased by Falconer from Smith. The pleas were *non assumpsit*, payment, failure of consideration, with leave, &c.

[Falconer v. Smith.]

On the trial of this cause, December 5, 1850, the plaintiff, in support of the issue on his part, offered in evidence a promissory note, signed by Falconer, dated July 26, 1848, for $500, payable with interest on July 1, 1849, to the said Smith, or his order, and endorsed in blank by said Smith. To which evidence the defendant objected because of the endorsement. The Court overruled the objection, received the evidence, and the defendant excepted.

In the further trial of this cause, the defendant proposed to prove that at the time of the contract for the purchase of the machinery, which formed the consideration of the notes, *and prior to the giving of the notes,* the plaintiff warranted the same to be of a certain character and quality. To such evidence the plaintiff objected because no notice of such special matter of defence had been given by defendant, although notified to do so according to rule of Court. The Court overruled the evidence, and said: It appears by inspection of the record, that the defendant's plea is "*non assumpsit,* payment, failure, and want of consideration;" and that on the 13th of November last, the plaintiff notified him that notice of special matter, under rule 82 and 83 of this Court, was required, which defendant omitted to give; hence, he cannot be permitted to give any special defence that could not be made under our practice under the general issue of *non assumpsit.* It is a rule in pleading, that matter of evidence of the character of a confession and avoidance must be pleaded specially. The question then arises, can defendant, under the general issue, give in evidence a distinct and separate bargain, and made at a different time between the parties, by way of defence. It is believed he cannot. He may give a failure or want of consideration, because that is good under the issue of *non assumpsit,* for if there was no consideration, there was not in law any assumption. *But a distinct contract of warranty made at another time* than that of the one sued upon, to constitute a defence, must be pleaded.

CHURCH, J., *inter alia,* charged that the polish of the machinery, unless a material, substantial defect, something more than a mere matter of fancy, would not alone entitle the defendant to a deduction, except the polish was contemplated by the parties at the time of the original contract, at the time of purchasing and giving the notes, and so forming a part of the consideration thereof; in that event it would be otherwise.

Verdict was rendered for the plaintiff.
Error was assigned to the admission of the note.
2. The Court erred in rejecting the evidence mentioned in the second bill of exceptions: *Chitty's Pleadings,* 510, 513; 4 *Ser. & R.* 249, Heck v. Shener; 5 *Ser. & R.* 394, Kennedy v. Ferris, et al.; 10 *Barr* 43, Gaw v. Wolcott.
3. The Court erred in charging the jury that the polish of the

[Falconer v. Smith.]

machinery, unless a material, substantial defect, something more than a mere matter of fancy, would not alone entitle defendant to a deduction from the amount of the notes, &c.

*Schofield*, for the plaintiff in error.

*Brown*, for defendant in error.—The warranty proposed was an independent contract made about nine months *previous* to giving the notes. That it was not admissible under the plea of *non-assumpsit*: 2 *Greenleaf Ev.* s. 135. Where the debt is admitted, and matters in discharge, such as tender, set-off, and the like are relied on, they must be specially pleaded. In 1 *Ser. & R.* 477, Steigleman v. Jeffreys, it was held in an action for the price of a quantity of burr millstones, that evidence tending to prove *a warranty* was not receivable under the general issue under our defalcation act: 3 *Ser. & R.* 388 ; 12 *Ser. & R.* 275 ; 4 *Yeates* 366.

The evidence offered was the subject of *set-off*, which could have been given under the plea of payment with leave, or perhaps of payment alone. But *notice* should have been given : 5 *W. & Ser.* 103 ; 5 *Ser. & R.* 404 ; 10 *Barr* 43.

The opinion of the Court was delivered, Oct. 23, by

BELL, J.—The question here presented falls clearly within the rule ascertained by Heck v. Shener, 4 *Ser. & R.* 249, Gaw v. Wolcott, 10 *Barr* 43, and the determinations upon which those cases rest. It is, that in an action founded on a simple contract, the plea of non assumpsit puts the plaintiff upon proving his whole case, and entitles the defendant, without prior special notice, to give evidence of anything which shows, *ex equo et bono*, the plaintiff ought not to recover. This is emphatically true of matters of defence springing from or immediately connected with the transaction sued on, and impeaching the consideration of the contract averred by the plaintiff. As he is bound to show everything was fair and honest on his part, his antagonist may rebut the allegation by proving he failed in some point of duty or obligation connected with his undertaking. The usual illustration given of this rule is drawn from the implied promise which the law ascribes to all who, for a valuable consideration, assume the discharge of some professional duty, that it shall be properly and fully performed ; and of which Heck v. Shener and Gaw v. Wolcott are instances. If, said Chief Justice TILGHMAN, in the former of these cases, a physician sues me for his services, I may give evidence that he has treated me unskilfully ; or if a carpenter brings suit for work done for me, I may show it was badly done. In the latter case is mentioned Sisson v. Willard, 25 *Wend.* 373, which rests on the same principle, and is referred to again, only because its general features bear a close resemblance to the case before us. It was assumpsit to recover the price of altering a

[Falconer v. Smith.]

water into a steam-mill, and, under the general issue, the defendant was permitted to prove the steam-engine was worthless, without previous notice. The Court said that in an action on a contract, where the plaintiff is bound to show performance on his part, the defendant may, under the general plea, prove non-compliance by the plaintiff, without special notice; for that which the plaintiff must prove the defendant may disprove. Nor can it make the slightest difference that the undertaking of the former is not by implication, but express, as in this instance. It is true that under our more recent decisions, unliquidated damages for a breach of warranty may be averred as matter of set-off, and then a special plea or notice would be necessary; but, as was justly observed in Saddler v. Slobaugh, 3 *Ser. & R.* 388, a breach of warranty may, at the option of the defendant, be either reserved as the foundation of a separate action, or set up as a *defence*, going to the consideration of the assumpsit sued on. And this is also the doctrine of Shaw v. Badger, 12 *Ser. & R.* 275, where a violation of part of an express contract of sale, originating in non-delivery of a portion of the things purchased, was set up as a defence to an action brought for the residue of the articles sold; under the doctrine of Heck v. Shener, that when the breach of faith, complained of by the defendant, is parcel of the plaintiff's ground of action, and touches its consideration, it is, in Pennsylvania, a defence *pro tanto*, to avoid circuity of action. Indeed, this seems to be admitted by the observation of the Court below, that a defendant "may set up a failure or want of consideration, because that is good under the issue of non assumpsit, for if there was no consideration, there was not, in law, any assumpsit." But it was thought the defence was not entitled to be so considered, under the notion that it springs from "a distinct contract of warranty, made at another time than that sued on." Literally, it is true the notes in suit were executed at a time subsequent to the warranty the defendant offered to prove. But, in fact, the contract was a unit, agreed upon at the same moment; and though, for the convenience of the parties, the actual execution of the promissory notes was deferred, they were but the offspring of the original agreement, deriving their sole efficacy from that agreement, as between the original parties. This suit, founded upon them, is, consequently, open to precisely the same defence as though it were brought on the oral contract. The result is, the rejected evidence ought to have been admitted, as furnishing an answer to the plaintiff's claim, either in whole or part; for as we have seen, it was, in the language of the rule of Court to which we have been referred, "*strictly* evidence admissible on a general issue plea."

The error first assigned was properly abandoned; and we do not perceive any mistake in that portion of the charge quoted in the third assignment.

M

[Falconer *v.* Smith.]

But for the improper rejection of the offered testimony, resulting from the erroneous estimate of its value had it been received, the judgment must be reversed.

Judgment reversed, and a *venire de novo* awarded.